IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**BURTON HAGWOOD,**
    **Petitioner,**

**v.**                                     **CIVIL ACTION NO. 3:04CV-113**
                                          **CRIMINAL ACTION NO. 3:00-CR-13-1**
                                          **(BROADWATER)**

**UNITED STATES OF AMERICA,**
    **Respondent.**

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day the above styled case came before the Court for consideration of the Report and Recommendation of Magistrate Judge James E. Seibert, dated August 23, 2005. The petitioner filed objections to the Report on August 30, 2005. In the interests of justice and in accordance with 28 U.S.C. § 636(b)(1), the Court has conducted a *de novo* review. After reviewing the above, the Court is of the opinion that the Magistrate Judge's Report and Recommendation **(Docket # 150)** should be and is hereby **ORDERED** adopted.

On either November 16 or November 26, 2004[1], the pro se petitioner filed a writ of habeas corpus pursuant to 28 U.S.C. § 2255 to show jurisdictional defect/constitutional error and ineffective assistance of criminal defense counsel. The respondent filed its response to the motion on February 3, 2005. On August 23, 2005, Magistrate Judge James E. Seibert entered a Report and Recommendation as to petitioner's petition.

In his Report, the Magistrate Judge notes that petitioner first filed a § 2255 motion on

---

[1] While the docket entry reads that petitioner's petition was filed on November 16, 2004, the document was stamped by the District Clerk's office as having been filed on November 26, 2004.

September 26, 2001. This court denied that motion on its merits. The petitioner sought a certificate of appealability from the Fourth Circuit Court of Appeals; however, the Fourth Circuit Court of Appeals denied the certificate and dismissed the appeal. The Magistrate Judge further notes that the instant § 2255 motion challenges the same sentence challenged in the 2001 motion. The Magistrate Judge finds that because petitioner did not obtain authorization from the Fourth Circuit Court of Appeals to file a successive § 2555 motion[2], that pursuant to 28 U.S.C. §§ 2244 and 2255, this Court has no jurisdiction to hear the instant petition.

The petitioner has filed objections to the Magistrate Judge's Report in which he argues the Magistrate Judge re-characterized his motion as a § 2255 motion without providing him proper notice of such re-characterization.[3] Without addressing the merits of petitioner's objections, the Court finds it procedurally proper to adopt the Magistrate Judge's Report at this time and allow the petitioner to proceed as required by § 2255 regarding successive petitions.

---

[2]Title 28 United States Code Section 2255 provides that
[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

[3] This Court notes that the first line of petitioner's November 16, 2004 motion (Docket #141) reads, "Comes now, Burton Hagwood, pro se, hereinafter petitioner, who respectfully submits this writ of habeas corpus, pursuant to 28 USC §2255 . . ." The Court is uncertain how petitioner finds the Court has re-characterized his motion when the petitioner himself documented the motion as one filed pursuant o 28 U.S.C. § 2255.

The Court thus **ORDERS**

1) petitioner's petition **(Docket # 141)** is **DENIED WITHOUT PREJUDICE** based on the reasons set forth in the Magistrate Judge's Report and Recommendation;

2) petitioner's motion to have defense counsel respond to petition claiming ineffective assistance of counsel **(Docket # 147)** is **DENIED**;

3) petitioner's motion for copies **(Docket # 149)** is **DENIED**; and finally,

4) this action be and is hereby **STRICKEN** from the active docket of this Court.

The Clerk is directed to transmit true copies of this Order to the petitioner, counsel of record herein, and the Honorable James E. Seibert.

**DATED** this 27th day of December, 2005.

*/s/ W. Craig Broadwater*
W. CRAIG BROADWATER
UNITED STATES DISTRICT JUDGE